**RAVERT PLLC**
Gary O. Ravert
116 West 23 Street, Fifth Floor
New York, New York 10011
Tel: (646) 961-4770
Fax: (917) 677-5419

*Attorneys for Albany Avenue Partners LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TOMKINS WILLOUGHBY LLC, | Case No. 19-44729 (NHL) |
| *Debtor and Debtor in Possession.* | |

**MOTION OF ALBANY AVENUE PARTNERS PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE TO ANNUL, OR ALTERNATIVELY TO LIFT, THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

Albany Avenue Partners LLC ("Albany Partners"), by and through its counsel, hereby moves this court (the "Motion") pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order annulling the automatic stay in connection with the foreclosure sale which took place on August 1, 2019 in the New York State Supreme Court for Kings County foreclosure proceeding Index No. 500185/2018 (the "Foreclosure Action") with respect to that certain parcel of real property located in Kings County, New York at 156 Tompkins

Avenue, Brooklyn, NY 11206 [Block 1767, Lot 41] (the "Property") or, alternatively, to lift the automatic stay to allow movant to re-notice the sale and conclude the foreclosure sale.

The Property is an unoccupied shell that needs investment to become productive. It does not generate rents at this time.

Albany Partners relies on and incorporates herein by reference the declaration of Alan Waintraub, Esq, (the "Waintraub Declaration"), dated August 16, 2019 and filed contemporaneously herewith in support of this Motion and in support of the accompanying motion to shorten time to hear this Motion.

In further support hereof, Albany Partners respectfully states as follows:

## PRELIMINARY STATEMENT AND BACKGROUND

1. Albany Partners holds a final judgment of foreclosure and sale (the "Judgment") against the Debtor and the Property. (Waintraub ¶3, Ex. A.) The foreclosure sale was duly noticed and scheduled for August 1, 2019. As of the petition date, August 1, 2019, Albany Partners is owed in excess of $725,000 pursuant to the terms of the Judgment. (Waintraub ¶3.)

2. Albany Partners state court attorney's office attended the foreclosure auction of the Property on August 1, 2019. The sale occurred at 2:30 PM. As of the moment the sale began, and through the conclusion of the sale, such office, the state court appointed referee, or the state court was never made aware that the above-captioned debtor (the "Debtor") had commenced a chapter 11 case just minutes before the sale took place. Indeed, the petition was not electronically filed until 2:44 PM and was hand-stamped as received at 2:10 PM. No one contacted Waintraub or his office by any means to advise of the bankruptcy filing. Waintraub's office did not see anyone representing the Debtor and, upon information and belief, nobody was representing the debtor at the foreclosure sale. When the court clerk solicited the audience as to

anyone who had notice of a bankruptcy filing or order to show cause with a stay or anything that might have stopped this foreclosure sale, no one spoke or came forward. When the sale was completed, the winning bidder signed terms and conditions of sale on behalf of the successful bidder. Still, to that point, no one came forward with any information regarding a bankruptcy filing. Waintraub was in contact with his office representative at the foreclosure sale, the state court appointed referee and Albany Partners from the commencement of the foreclosure sale to its conclusion and no notice was ever provided to any party prior to the foreclosure sale or even after the foreclosure sale was concluded. (Waintraub ¶4.)

3. As this Court is aware, bankruptcy petitions are signed under penalty of perjury. Shortly after the sale after Waintraub had an opportunity to review the chapter 11 petition Waintraub noticed that it purported to be signed by Abraham Kappel, Esq, which seemed suspect to him. Waintraub contacted Mr. Kappel and, indeed, Kappel confirmed that his signature on the petition was a forgery. Mr. Kappel has moved, on August 14, 2019, by order to show cause before this Court for an order finding he is not and never was counsel of record for the Debtor. [Docket No. 11]. His motion clearly states that his signature on the petition is a forgery and that he never discussed the bankruptcy filing with the Debtor. Forgery is a crime under New York State and federal law. The chapter 11 petition that was filed in this case was filed as part of the crime of bankruptcy fraud and forgery and, therefore, was a per se bad faith filing. Further, this bad faith chapter 11 filing unfairly prejudices Albany Partners for two reasons: First and foremost, Albany Avenue would be unfairly prejudiced if the Debtor was permitted to raise the automatic stay as a defense when the stay arose in connection with a fraudulent filing based on a forgery. Second, Albany Partners will be prejudiced, indeed has already been prejudiced, by the unnecessary additional expense of this motion and the inquiry surrounding the forgery and the

secretive chapter 11 filing, plus the cost of Albany's involvement in this case, and the continued risk to Albany Partners' collateral with the continued accumulation of priority tax/municipal claims (the open water charges alone are $1,398.72 and they accrue interest) and the additional significant expense that would be incurred if it is required to re-notice the foreclosure proceeding. (Waintraub ¶5.)

4. For the foregoing reasons and those set forth below, Albany Partners submits that retroactive stay relief is appropriate here and that prospective stay relief would have been warranted even if the sale had not occurred. Accordingly, Albany Partners seeks an order, pursuant to sections 362(d)(1), annulling the automatic stay to give effect to the sale and allow the purchaser to close and record title to the Property or, alternatively, pursuant to sections 362(d)(1) for relief to re-notice the foreclosure sale and complete the foreclosure process without the threat of another filing.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for this Motion are section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001.

## RELIEF REQUESTED

7. Albany Partners hereby seeks annulment of the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001 or, alternatively, for relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001 to pursue its state law remedies and enforce its rights under the Judgment.

**Applicable Law**

8. Section 362(a) of the Bankruptcy Code imposes an automatic stay of virtually all actions against a debtor upon the commencement of a bankruptcy case. 11 U.S.C. § 362(a). However, the "automatic stay is not meant to be absolute." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing section 362(d) of the Bankruptcy Code); 11 U.S.C. § 362(d). Congress specifically set forth grounds for relief from the stay in, among others, sections 362(d)(1).

**Sections 362(d)(1) of the Bankruptcy Code**

9. Section 362(d) of the Bankruptcy Code provides (in relevant part) that:

> the Court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, *annulling*, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[;]

11 U.S.C. §§ 362(d)(1) (emphasis added).

**Section 362(g)**

10. Section 362(g) provides that on a motion for stay relief, the moving party, here Albany Partners, bears the burden proof on a debtor's equity in the property at issue, and the party opposing relief, here the Debtor, bears the burden on *all* other issues. 11 U.S.C. § 362(g) (emphasis added).

**I. Annulment of the Automatic Stay**

11. Pursuant to section 362(d) of the Bankruptcy Code, the Bankruptcy Court has the authority and discretion to annul the automatic stay. "The use of the word 'annulling' means that relief from the stay may operate retroactively. This would validate actions taken by a party at a time when the party was unaware of the stay." 3 COLLIER ON BANKRUPTCY ¶ 362.07. "Annulment of the automatic stay grants retroactive relief to the movant, allowing the creditor

for whose benefit the stay is annulled to proceed as if the bankruptcy had never been filed and the automatic stay and never been imposed." *In re Albany Partn., Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984).

12. It is appropriate to annul the automatic stay retroactively when: (1) a creditor did not have actual knowledge of the applicability of the automatic stay at the time the creditor violated the stay; and (2) the creditor would be unfairly prejudiced if the debtor could raise the stay as a defense to the act in which the creditor seeks possession or control over the property. *Albany Partn., Ltd.*, 749 F.2d at 675 (internal cite omitted).

**Lack of Actual Knowledge**

13. Neither Albany Partners, nor its counsel, nor the referee had actual knowledge that the bankruptcy filing occurred. The chapter 11 proceeding commenced at approximately 2:10 PM the day of the sale, indeed just 20 minutes before the sale, but the Debtor failed to inform the referee, or Albany Partners, or Albany Partners's counsel of the filing and also failed to appear at the auction, which is the most common procedure for making the filing known by announcing the bankruptcy filing when the state court clerk calls for parties with bankruptcy filing announcements or signed orders to show cause staying the sale. Indeed, Albany Partners only found out about this filing when it returned to the office and, as is its practice, did a bankruptcy filing search. (Waintraub Decl. ¶ 4.)

**Unfair Prejudice to Albany Partners**

14. Albany Partners would be unfairly prejudiced if, under the circumstances, the Debtor is permitted to raise the stay as a defense to the foreclosure sale. Any analysis of prejudice, unfair or otherwise, should start with an inquiry into who is culpable and who acted with clean hands. The Debtor here filed this case in bad faith and committed a forgery in doing

so. There is no valid basis to give the Debtor the benefit of the automatic stay under these circumstances. To do so, would be to reward the Debtor for its illegal act by recognizing and granting the legal benefit of the stay arising under section 362(a). Albany Partners has already suffered prejudice associated with cost and delay from the secretive filing and forgery. *Unfair* prejudice arises from giving a bad actor an undeserved benefit of its bad act while simultaneously allowing harm against an innocent party. Here, Albany Partners had the basis for relief from the stay the moment the chapter 11 commenced because the case was filed in bad faith and filed secretively. As discussed below, bad faith is an independent basis for stay relief under section 362(d)(1). Further, the Property is a vacant shell that needs substantial investment to become productive. There are no funds for adequate protection. Thus, there is a second basis for a finding of cause under section 362(d)(1). Finally, Albany Partners is prejudiced because it will incur, and indeed has incurred, unnecessary monetary costs (including for this motion), loss of time and continued risk to its collateral--a shell--with the continued accumulation of priority tax/municipal claims, insurance issues, and the additional significant expense if it is required to re-notice the foreclosure sale.

***Valid Independent Basis for Lifting the Automatic Stay***

15. Albany Partners asserts that it has and had as of the Petition Date a valid basis for lifting the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code. First, "cause" exists to lift the automatic stay pursuant to section 362(d)(1) because the case was filed in bad faith and because Albany Partners is not adequately protected. Except for adequate protection, "cause" is not defined by section 362(d)(1). *Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d. Cir. 2002). Although cause for relief from the stay is not defined in the Bankruptcy Code, it is well established that it is determined on a case-by-case basis, taking into account all of the circumstances of each case. *See e.g., Laguna Assocs. Ltd. Partnership v. Aetna*

*Casualty & Surety Co. (In re Laguna Assocs. Ltd. Partnership)*, 30 F.3d 734, 737-38 (6th Cir. 1994) (internal citations omitted).

16. Here, "cause" exists because Albany Partners lacks adequate protection of its collateral. The Debtor has not made payments on this debt in years. The Property is a shell and does not produce rents and needs to be developed. With every passing day, Albany Partners is irreparably harmed by the accumulation of claims, including municipal claims against the Property. The Debtor is a single asset holding company and Albany Partners is not aware of any unencumbered property that could serve as adequate protection. In fact, there are no parties that benefit from the continuation of the stay since, apart from the Debtor who has controlled that Property payment-free for years. Based on the foregoing, Albany Partners lacks adequate protection of its interest in the Property.

17. Numerous courts in and outside of this circuit have annulled the stay where the circumstances were appropriate. *See, e.g., In re Simone Junious,* Case No. 19-41630 (CEC) June 10, 2019 [Docket No. 16] (annulling stay to give effect to foreclosure sale); *In re Blue Rose Capital LLC,* Case No. 11-40211 (CEC) February 25, 2011 [Docket No. 22] (same); *In re Hall*, 216 B.R. 702, 707 Bankr. E.D.N.Y. 1998) (annulling stay after postpetition foreclosure sale); *In re Bresler*, 119 B.R. 400 (Bankr. E.D.N.Y. 1990) (same); *In re Silverman*, 42 B.R. 509, 517 (Bankr. S.D.N.Y. 1984) (same); *In re Cinole, Inc.,* 339 B.R. 40, 47 (Bankr. W.D.N.Y. 2006) (same); *Christian v. Citibank, F.S.B.*, 231 B.R. 288 (N.D. Ill. 1999) (annulling the stay to validate state court's confirmation of foreclosure sale); *In re Bates*, 270 B.R. 455 (Bankr. N.D. Ill. 2001) (annulling stay to validate postpetition application for issuance of tax deed); *In re Syed*, 238 B.R. 126 (Bankr. N.D. Ill.), mot. to amend denied, 238 B.R. 133 (Bankr. N.D. Ill. 1999)

(annulling stay to validate postpetition foreclosure sale); *In re Lipuma*, 167 B.R. 522 (Bankr. N.D. Ill. 1994) (annulling stay to validate postpetition sale of delinquent real estate taxes).

## II. Prospective Relief from Automatic Stay

18. As of the Petition Date, Albany Partners had a basis for stay relief. Accordingly, if the Court denies the annulment relief, Albany Partners hereby seeks relief from the automatic stay prospectively.

### A. The Stay Should be Lifted For "Cause" for Lack of Adequate Protection and Bad Faith Filing

19. Cause exists based on lack of adequate protection and bad faith filing.

***Lack of Adequate Protection***

20. "Cause" exists here because Albany Partners lacks adequate protection of its collateral. The Debtor has not made payments on this debt in years. The Property is a shell and does not produce rents and needs to be developed. Albany Partners' collateral protection is irreparably harmed by the accumulation of claims, including municipal claims, including the growing water charges, against the Property. The Debtor is a single asset holding company and Albany Partners is not aware of any unencumbered property that could serve as adequate protection.

***Bad Faith Filing***

21. Albany Partners submits that this case was filed in bad faith. It was simply an bold attempt, through the illegal act of forgery, to circumvent the effect of the Judgment and the state court ordered sale.

22. The Second Circuit Court of Appeals has set forth the non-exclusive elements for a finding of a bad faith filing. They include:

(1) the debtor has only one asset;

(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
(3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
(4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
(6) the debtor has little or no cash flow;
(7) the debtor cannot meet current expenses including the payment of personal property and real estate taxes; and
(8) the debtor has no employees.

*In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2nd Cir. 1997).

23. Here, the each of the above *C-TC* factors supports the conclusion that this case was filed in bad faith. Aside from all other factors, Albany Partners submits that the forgery associated with this filing should be dispositive on the issue of bad faith and a finding of cause.

*The Debtor Has Only One Asset*

24. The Debtor's only asset is the single parcel of unproductive, shell Property. Albany Partners, therefore, submits that this first *C-TC* factor supports a finding of bad faith and cause to lift the stay.

*The Debtor Has No Other Creditors*

25. Albany Partners is the Debtor's only creditor. Accordingly, this second *C-TC* factor supports a finding of bad faith and cause to lift the stay.

*The Debtor's One Purported Asset of Concern is the Subject of a Foreclosure Action*

26. It is indisputable that the Property is the subject of almost-concluded foreclosure Action. Accordingly, this third *C-TC* factor supports a finding of bad faith and cause to lift the stay.

*The Debtor's Financial Condition is in Essence a Two-Party Dispute Which Can Be Resolved In the Pending Foreclosure Action*

27. This case is indisputably a continuation of a two-party dispute that has been going on for years in state court. This matter can be fully and quickly resolved in the Foreclosure Action. Therefore, this fourth *C-TC* factor supports a finding of bad faith and cause to lift the stay.

*The Timing of The Debtor's Filing Evidences An Intent To Delay Or Frustrate The Legitimate Efforts Of Albany Partners To Enforce Its Rights Under the Judgment*

28. The timing of the Debtor's filing evidences an intent to delay or frustrate Albany Partners' legitimate efforts to enforce the Judgment. The Debtor has known about the Foreclosure Action for years and the sale for nearly two months yet the Debtor filed this case secretively just 20 minutes before the scheduled sale time. Accordingly, this fifth *C-TC* factor supports a finding of bad faith and cause to lift the stay.

*The Debtor Has No Cash Flow*

29. The Proeprty is a shell that does not generate rents. Accordingly, this sixth *C-TC* factor supports a finding of bad faith and cause to lift the stay.

*The Debtor Cannot Meet Current Expenses*

30. The Debtor cannot meet its financial obligations because it has no income from rents or otherwise. Accordingly, this seventh *C-TC* factor supports a finding of bad faith and cause to lift the stay.

*The Debtor Has No Employees.*

31. The Debtor is a single asset real estate entity that is a holding company. Albany Partners is not aware of any employees and does not believe it has any. Accordingly, this eighth *C-TC* factor supports a finding of bad faith and cause to lift the stay.

32. For all of the foregoing reasons, the Court should find that this case was filed in bad faith and lift the automatic stay for "cause."

**ADDITIONAL RELIEF REQUESTED**

33. Under the circumstances of the bad faith evidenced by the forgery, Albany Partners further requests that the 14-day stay period under Bankruptcy Rule 4001(a)(3) be waived or shortened.

**NOTICE**

34. Notice of this motion has been provided to (a) the Debtor, (b) the Office of the United States Trustee, (c) Mr. Kappel, and (d) those parties, if any, who appear on the ECF mailing matrix. Albany Partners asserts that no further notice is required.

**NO PRIOR REQUEST**

35. No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, for all of the reasons stated herein, Albany Partners respectfully requests that this Court grant this Motion (1) annulling the automatic stay to give effect to the foreclosure sale, or (2) granting relief from the automatic stay pursuant to section 362(d)(1) and Bankruptcy Rule 4001(a)(3); and (3) granting Albany Partners such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 16, 2019
New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert
Gary O. Ravert
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for Albany Avenue Partners LLC*