**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) )<br>) Chapter 11<br>) |
| TOMKINS WILLOUGHBY LLC, | ) Case No. 19-44729 (NHL)<br>) |
| *Debtor and Debtor in Possession.* | )<br>)<br>) |

### DECLARATION OF ALAN J. WAINTRAUB IN SUPPORT OF
### MOTION OF ALBANY AVENUE PARTNERS LLC TO
### ANNUL, OR ALTERNATIVELY TO LIFT, THE AUTOMATIC
### STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE

Alan J. Waintraub hereby declares and states as follows:

1.       I am the foreclosure attorney for Albany Avenue Partners LLC ("Albany Partners"), and I maintain an office at Law Offices of Alan J. Waintraub PLLC, 125-10 Queens Blvd, Suite 311, Kew Gardens, New York 11415.  I submit this declaration in support of the *MOTION OF ALBANY AVENUE PARTNERS LLC TO ANNUL, OR ALTERNATIVELY TO LIFT, THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE* pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order annulling the automatic stay in connection with the foreclosure sale which took place on August 1, 2019 in the New York State Supreme Court for Kings County foreclosure proceeding Index No. 500185/2018 with respect to that certain parcel of real property located in Kings County, New York at 156 Tompkins Avenue, Brooklyn, NY 11206 [Block 1767, Lot 41] (the "Property") or, alternatively, to lift the automatic stay to allow movant to re-notice the sale and conclude the foreclosure sale.

2.      I am fully familiar with the facts and circumstances set forth below and make the statements herein based upon my personal knowledge.

3.      Albany Partners holds a final judgment of foreclosure and sale (the "Judgment") against the Debtor and the Property.  A true and correct copy of the Judgment is attached hereto as Exhibit A.  The foreclosure sale was duly noticed and scheduled for August 1, 2019.  As of the petition date, August 1, 2019, Albany Partners is owed in excess of $725,000.00 pursuant to the terms of the Judgment.

4.      My office attended the foreclosure auction of the Property on August 1, 2019.  The sale occurred at 2:30 PM.  As of the moment the sale began, and through the conclusion of the sale, my office, the Court appointed referee or the Court was never made aware that the above-captioned debtor (the "Debtor") had commenced a chapter 11 case just minutes before the sale took place.  Indeed, the petition was not electronically filed until 2:44 PM and was hand-stamped as received at 2:10 PM.  No one contacted me or my office by any means to advise of the bankruptcy filing.  My office did not see anyone representing the Debtor and, upon information and belief, nobody was representing the debtor at the foreclosure sale.  When the court clerk solicited the audience as to anyone who had notice of a bankruptcy filing or order to show cause with a stay or anything that might have stopped this foreclosure sale, no one spoke or came forward.  When the sale completed, the winning bidder signed terms and conditions of sale on behalf of the successful bidder at the foreclosure sale.  Still, to that point, no one came forward with any information regarding a bankruptcy filing. I was in contact with my office representative at the foreclosure sale, the Court appointed referee and Albany Partners from the commencement of the foreclosure sale to its conclusion and no notice was ever provided to any party prior to the foreclosure sale or even after the foreclosure sale was concluded.

5.      As this Court is aware, bankruptcy petitions are signed under penalty of perjury. Shortly after the sale after I had an opportunity to review the chapter 11 petition I noticed that it purported to be signed by Abraham Kappel, Esq, which seemed suspect to me.  I contacted Mr. Kappel and, indeed, he confirmed that his signature on the petition was a forgery.  Mr. Kappel has moved by order to show cause before this Court for an order finding he is not and never was counsel of record for the Debtor.  [Docket No. 11].  His motion clearly states that his signature on the petition is a forgery and that he never discussed the bankruptcy filing with the Debtor.  Forgery is a crime under New York State and federal law.  The chapter 11 petition that was filed in this case was filed as part of the crime of bankruptcy fraud and forgery and, therefore, was a per se bad faith filing.  Further, this bad faith chapter 11 filing unfairly prejudices Albany Partners for two reasons:  First and foremost, Albany Avenue would be unfairly prejudiced if the Debtor was permitted to raise the automatic stay as a defense when the stay arose in connection with a fraudulent filing based on a forgery.  Second, Albany Partners will be prejudiced, indeed has already been prejudiced, by the unnecessary additional expense of this motion and the inquiry surrounding the forgery and the secretive chapter 11 filing, Albany's involvement in this case, and the continued risk to Albany Partners' collateral with the continued accumulation of priority tax/municipal claims (the open water charges alone are $1,398.72 and they accrue interest) and the additional significant advertising expense if Albany Partners is required to re-notice the foreclosure proceeding.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 16, 2019                    /s/Alan J. Waintraub
                                               Alan J. Waintraub

- 3 -

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ALBANY AVENUE PARTNERS LLC,
                                                    INDEX NO. 500185/2018
                              Plaintiff,

                                                    **NOTICE OF**
          -against-                                 **SETTLEMENT**

TOMPKINS WILLOUGHBY LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

     **PLEASE TAKE NOTICE** that the within order will be presented to the Hon. David B.

Vaughan, J.S.C. at the Kings County Supreme Court, 360 Adams Street, Brooklyn, New York

11201 at the IAS Commercial Part 9 on April 10, 2019 at 9:30 A.M. for settlement and signature.

Dated: March 13, 2019
      Rego Park, New York

                                            _Alan Waintraub_
                                       Alan J. Waintraub, Esq.
                                       Law Offices of Alan J. Waintraub PLLC
                                       *Attorneys for Plaintiff*
                                       97-17 64th Road, 3rd Floor
                                       Rego Park, New York 11374
                                       (718) 504-5700

TO:   Tompkins Willoughby LLC
       *Defendant*
       c/o Secretary of State
       99 Washington Avenue
       Albany, New York 12231

       New York City Environmental Control Board
       *Defendant*
       100 Church Street, 4th Floor
       New York, New York 10007

       Bamundo, Zwal & Schermerhorn
       Attn: James Caffrey, Esq.
       *Referee*
       111 John Street, Suite 1100
       New York, New York 10038

com 9

At IAS Part _____ of the Supreme Court of the
State of New York held in and for the County
of Kings at the Courthouse thereof on the
___4th___ day of ___June___, 2019.

PRESENT:

Honorable   DAVID B. VAUGHAN
                                   J.S.C.

--------------------------------------------------------------------------------X

ALBANY AVENUE PARTNERS LLC,                          INDEX NO.: 500185/2018

                          Plaintiff,                **JUDGMENT OF
                                                    FORECLOSURE AND
            -against-                               SALE**

TOMPKINS WILLOUGHBY LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                          Defendants.
--------------------------------------------------------------------------------X

     **UPON** the Summons and Complaint duly filed in the office of the Clerk of the County of

Kings on January 4, 2018; the Notice of Pendency of action duly filed in the office of the Clerk of

the County of Kings on January 4, 2018; the Order Granting Order of Reference entered September

25, 2018 and all proceedings thereon; the Report of Amount Due of James Caffrey, Esq., as

Referee, dated November 29, 2018 and on reading and filing the Affirmation of Alan J. Waintraub,

Esq., counsel for Albany Avenue Partners LLC ("Plaintiff"), dated January 22, 2019, and the

exhibits annexed thereto; from which it appears that each of the defendants herein have been duly

served with the Summons and Complaint in this action, or have voluntarily appeared personally

or by their respective attorneys; and stating that more than the legally required number of days had

elapsed since said defendants were so served and/or appeared; and that no defendant has answered

the verified complaint or moved with respect thereto and the time to do so has expired; and that

the Complaint herein and Notice of Pendency containing all the particulars required to be stated

therein was duly filed in the Office of the Clerk of the County of Kings on January 4, 2019 and

has not been amended to add new parties or to embrace real property not described in the original

complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the Note and Mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in one parcel;

AND, on reading the Report of James Caffrey, Esq., the Referee named in said Order Granting Order of Reference and Appointing Referee to Compute, by which Report, dated November 29, 2018, attached hereto, it appears that the sum of **$536,315.93** with interest was due through October 15, 2018, and that the mortgaged premises should be sold in one parcel;

NOW, upon proof of due notice of this application upon Defendants who had not waived the same, and upon proof of service of the Order of Reference as provided therein,

ON MOTION of Alan J. Waintraub, Esq., a partner of Law Offices of Alan J. Waintraub PLLC, attorneys for Plaintiff, dated January 22, 2019, together with the exhibits annexed thereto, to foreclose a certain commercial mortgage on real property situated in the County of Kings, State of New York, at 156 Tompkins Avenue, Brooklyn, New York 11206 (Block 1767, Lot 41) by reason of certain defaults as alleged in the Complaint; and it appearing that this motion regularly came before the undersigned Justice on ___March 13 2019___, and due deliberation having been had thereon, it is

**ORDERED** that the Plaintiff's motion for a Judgment of Foreclosure and Sale is hereby granted in its entirety; and it is further
*on default*

**ORDERED** that the Report of James Caffrey, Esq, Referee, dated November 29, 2018, is hereby ratified and confirmed in all respects; and it is further

**ORDERED** that the above described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law ("RPAPL") be sold, in one parcel, at public auction in Room 224 of the Kings County Supreme Court, 360 Adams Street, Brooklyn,

2

New York 11201, on a Thursday afternoon at 2:30 P.M., by and under the direction of James Caffrey, Esq, who is appointed referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL § 231 in *The Brooklyn Daily Eagle* and it is further

**ORDERED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

**ORDERED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court, and, it is further

**ORDERED** that the Referee shall deposit all funds received pursuant to this Order in his/her own name in Referee's IOLA account maintained for legal clients at a bank within the City of New York or in an FDIC insured bank of the Referee's choice within the City of New York or in *Empire State* WITHIN THE CITY OF NEW YORK Bank; and it is further

3

**ORDERED** that said Referee on receiving the proceeds of such sale shall forthwith pay

therefrom pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes,

assessments, sewer rents or water rates which are or may become liens on the premises at the time

of sale with such interest or penalties which may have lawfully accrued thereon to the date of

payment and shall thereafter make the following payments in accordance with RPAPL § 1354, and

his/her checks drawn for that purpose shall be paid by said depository:

**FIRST**:            The statutory fees of said Referee pursuant to CPLR § 8003(b), which shall

not exceed $500 unless the sales price (the amount of the accepted bid) exceeds $50,000.  In the

event that the sales price exceeds fifty thousand dollars and additional compensation (including

commissions) in excess of $500 is sought pursuant to CPLR § 8003(b), and if no surplus monies

are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties

appearing, agreeing to a stated sum, to be so-ordered by the Court.  Where surplus monies will be

available following distribution of sums as provided herein, or where the parties are unable to

agree to the Referee's proper compensation under CPLR § 8003(b), application shall be made to

this Court on notice to all parties known to be entitled to claim against any surplus monies,

including the defaulting owner of the equity of redemption.  Such application shall be promptly

submitted to the Court within five days of the transfer of the deed and prior to filing the report of

sale.  The five day period for payment of surplus money into Court as set forth in RPAPL §

1354(4), and the thirty day period set forth in RPAPL § 1355 for the filing of the report of sale

shall be deemed extended pending the decision of the Court regarding such application.

In the event that a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a),

Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation

unless the Referee has requested the delay.  Such compensation may be recouped from the

proceeds of the sale as a cost to Plaintiff.  This order shall constitute the necessary prior

4

authorization for compensation as set forth herein.

No compensation in excess of $550, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provision of Section 36.4 of the Rules of the Chief Judge.

**SECOND**: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale **and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of the deed pursuant to 19 RCNY 23-08(a). The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser** *and any title company hired by the purchaser* **shall be responsible for any penalties or fees incurred as a result of a late payment of the tax as required pursuant to the City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days. The Purchaser shall hold the Referee harmless from any such penalties accessed as a result of late payment of these taxes.**

**THIRD**: Pursuant to Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH**: Said Referee shall then pay to Plaintiff or its attorney the sum of $1405.00 or costs and disbursements in this action to be taxed by the clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $300 hereby awarded to Plaintiff in addition to costs, with interest thereon from the date

5

hereof, and also the sum of **$536,315.93** the said amount so reported due as aforesaid minus the amounts due for taxes and insurance, together with interest thereon pursuant to the Notes, from October 15, 2018, the date interest was calculated to in said report, to the date of entry of this Order, and thereafter at the ~~contract rate~~ of interest to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with $ 3,000 hereby awarded to Plaintiff as reasonable legal fees, together with any advances as provided for in the Notes and Mortgages, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED** that transfer tax is not a lien upon the property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds. Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED** that in case Plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provision marked "FIRST", "SECOND" and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the

6

aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates and priority liens of a city agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354(3), which payment shall be reported in the Referee's report of sale. Any surplus remaining thereafter shall be deposited into Court in accordance with RPAPL § 1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by the Plaintiff at the time of sale; and it is further

ORDERED that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit to this action, to be withdrawn only upon the order of the court, signed by a Justice of the Court; that said Referee make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payment was made and file it with the Kings County Clerk with a copy to the Chambers of the Appointing Justice within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

7

**ORDERED** that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff shall recover from defendant, Tompkins Willoughby LLC, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the RPAPL within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED** that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED** that each and all of the defendants in this action and all persons claiming under them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED** that said premises is to be sold in one parcel in "as is" physical order and condition, ~~ON THE DAY OF SALE~~ subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would disclose; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior liens of record, if any, except those liens addressed in Section 1354 of the RPAPL; any equity of redemption of the United States of America to redeem the premises within 120 days ~~RISK OF LOSS SHALL NOT PASS TO THE PURCHASER UNTIL CLOSING OF TITLE.~~ from the date of sale; and it is further

**ORDERED** that in the absence of the Referee, the Court may designate a substitute referee

8

forthwith; and it is further

**ORDERED** that the referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED** that a copy of this judgment with notice of entry shall be served upon the owner of the equity of redemption as to the date of this order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale, and it is further

**ORDERED** that Plaintiff shall serve a copy of the notice of sale upon the ~~Ex-parte~~ Office *FORECLOSURE DEPARTMENT* at least ten (10) days prior to the scheduled sale, *AND IT IS FURTHER*

ENTER,

_____
J.S.C.

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Owner of Equity of Redemption at both his/her last known address and the property address (affidavit of such service shall be presented to the Foreclosure Clerk on or before the auction sale) and upon the Foreclosure Department at least ten (10) days prior to the scheduled sale.

ENTER

HON. DAVID B. VAUGHAN
J.S.C.

NANCY T. SUNSHINE
Clerk

9

FILED: KINGS COUNTY CLERK 01/30/2018 02:56 PM

NYSCEF DOC. NO. 6                                                     RECEIVED NYSCEF: 01/30/2018

ALL that certain, plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Lincoln Road, distant 300 feet from the corner formed by the intersection of the southerly side of Lincoln Road with the westerly side of Bedford Avenue;

RUNNING THENCE southerly parallel with Bedford Avenue, 105 feet;

THENCE westerly parallel with Lincoln Road, 100 Feet;

THENCE northerly parallel with Bedford Avenue, 105 feet to the southerly side of Lincoln Road;

THENCE easterly along the southerly side of Lincoln Road, 100 feet to the point or place of BEGINNING.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------X

ALBANY AVENUE PARTNERS LLC,

                                **Plaintiff,**

                -against-

TOMPKINS WILLOUGHBY LLC, et al.,

                              **Defendants.**

-------------------------------------------------------------------X

**INDEX NO.**
500185/2018

AFFIDAVIT OF
MAILING

STATE OF NEW YORK)
COUNTY OF QUEENS )

       I, Jennifer Forte being duly sworn, deposes and says:

       I am not a party to the action, am over 18 years of age and I am employed by LAW OFFICES OF ALAN J. WAINTRAUB PLLC, attorneys for the above named plaintiff.

       On March 13, 2019, I served a copy of the within NOTICE OF SETTLEMENT - by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal service within New York State, addressed to each of the following persons at the last known address set forth after each name:

       Tompkins Willoughby LLC
       *Defendant*
       c/o Secretary of State
       99 Washington Avenue
       Albany, New York 12231

       New York City Environmental Control Board
       *Defendant*
       100 Church Street, 4th Floor
       New York, New York 10007

Bamundo, Zwal & Schermerhorn
Attn: James Caffrey, Esq.
*Referee*
111 John Street, Suite 1100
New York, New York 10038

_____
Jennifer Forte

Sworn to before me this
13th day of March, 2019

_____
NOTARY PUBLIC

ALAN JAY WAINTRAUB
Notary Public, State of New York
No. 02WA6303423
Qualified in Rockland County
Commission Expires 05/12/22

## EX-PARTE / ORDER DEPT.
## JUDGMENT OF FORECLOSURE & SALE INFORMATION SHEET

**Justice:** _VAUGHAN_   **Date:** _4 / 16 / 19_   **Index #** _500185_ / _2018_

**Caption:** _ALBANY AVENUE PARTNERS. ~~LLC~~   TOMPKINS WILLOUGHBY LLC_

**Your Honor:**

√   Appoint a Referee to Sell. ___JAMES CAFFREY___ was appointed

   Referee to Compute by Justice ___VAUGHAN___ on _SEPT / 18 / 2018_.

√   Designate a newspaper as required by RPAPL 231.

√   Designate a bank.

√   Initial where indicated.                                   EXCESSIVE?

?   Fix attorney fees. Affirmation of legal services is annexed.  Requests $ _10,000.00_.

/   Additional allowance in sum of $300 requested per CPLR 8303(a)(1). Applies to

   mortgage foreclosures only.

___   Set Guardian Ad Litem fee.

___   Set Temporary Administrator fee.

___   New Notice of Pendency must be filed prior to signature. Expired ___ / ___ / ___.

___   Prior to signature, plaintiff to submit all assignments to Court.

___   Bracketed areas in foreclosure judgment do not conform with Court format.

Please make note of possible deficiencies in referee's report:

   ❏ Late charges overcharge

   ❏ MIP, inspections, and/or appraisals listed may not be permitted

   ❏ Attorney fees improperly listed

Additional Notes:_____

_____

_____

_____

_PF_

**Clerk**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

ALBANY AVENUE PARTNERS LLC,

INDEX NO.: 500185/2018

Plaintiff,

**COSTS OF PLAINTIFF**

-against-

TOMPKINS WILLOUGHBY LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

Defendants.

-------------------------------------------------------------------X

| COSTS | | DISBURSEMENTS | |
|---|---|---|---|
| Costs before note of issue | | Fee for Index Number CPLR §8018 (o) | $400.00 |
| CPLR §8201 subd. 1 | $200.00 | | |
| | | Clerk's fee, filing notice of ped. | $35.00 |
| Allowance by statute | | CPLR §8021(a) 10 | |
| CPLR §8302(a),(b) | $150.00 | | |
| | | Paid for Searches CPLR §8301(H)10 | 200 00 |
| Additional Allowance | | | |
| CPLR §8302(d) | $ 50.00 | Serving copy of Summons and Complaint | 70 00 |
| | | §8011(h)(1), 8301(d) | |
| Motion Costs | | | |
| CPLR §8202 | $ 90.00 | Request for Judicial Intervention | $ 95.00 |
| | | Referee's fees CPLR §8301(a) (1), | 250.00 |
| | | 8003(a) | |

| | |
|---|---|
| COSTS | $ 490.00 |
| DISBURSEMENTS | |
| TOTAL | |

STATE OF NEW YORK,
COUNTY OF QUEENS

ATTORNEY'S AFFIRMATION

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is a partner with the firm Law Offices of Alan J. Waintraub PLLC, the attorney(s) for the plaintiff in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: January 22, 2019

_Alan Wa___
Alan J. Waintraub, Esq.

Costs at $ 1405.00
This 7 day of June 2019

Clerk of Court Kings County    NANCY T. SUNSHINE
Clerk

FILED: KINGS COUNTY CLERK 01/04/2018 12:06 PM

NYSCEF DOC. NO. 2

INDEX NO. 500185/2018

RECEIVED NYSCEF: 01/04/2018

## ADVANTAGE FORECLOSURE SERVICES, INC.

### Title No. FCL-133710-17 (File No.)

### SCHEDULE A
### DESCRIPTION

**Block 1767 and Lot 41**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, in the County of Kings, State of New York;

BEGINNING at a point on the Westerly side of Tompkins Avenue, distant 100 feet Southerly from the corner formed by the intersection of the Southerly side of Willoughby Avenue with the Westerly side of Tompkins Avenue;

RUNNING THENCE Westerly parallel with Willoughby Avenue, 100 feet;

THENCE Southerly parallel with Tompkins Avenue, 25 feet;

THENCE Easterly again parallel with Willoughby Avenue, 100 feet to the Westerly side of Tompkins Avenue aforesaid;

THENCE Northerly along the Westerly side of Tompkins Avenue, 25 feet to the point or place of BEGINNING.

**Premises known as 156 Tompkins Avenue, Brooklyn, New York**



# NYSCEF - Kings County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court cases. The NYSCEF site has received your electronically filed documents for the following case.

### 500185/2018

### ALBANY AVENUE PARTNERS LLC - v. - TOMPKINS WILLOUGHBY LLC et al

### Assigned Judge: DAVID B. VAUGHAN, COMM 9

## Documents Received on    03/13/2019 12:30 PM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 50 | NOTICE OF SETTLEMENT W/PROPOSED JDGMT/COUNTER JDGMT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 51 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:    **Alan Jay Waintraub**
Phone #:                          E-mail Address:    **awaintraub@waintraublaw.com**
Fax #:                            Work Address:      **97-17 64TH ROAD, 3RD FLOOR**
                                                     **REGO PARK, NY 11374**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 03/13/2019 12:30 PM:

**WAINTRAUB, ALAN JAY - awaintraub@waintraublaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov
Phone: Phone: 347-404-9766 or 347-404-9762    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone:** (646) 386-3033    **Fax:** (212) 401-9146    **Website:** www.nycourts.gov/efile