**RAVERT PLLC**
Gary O. Ravert
116 West 23 Street, Fifth Floor
New York, New York 10011
Tel: (646) 961-4770
Fax: (917) 677-5419

*Attorneys for Albany Avenue Partners LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TOMKINS WILLOUGHBY LLC,<br><br>*Debtor and Debtor in Possession.* | Chapter 11<br><br>Case No. 19-44729 (NHL) |

**MOTION OF ALBANY AVENUE PARTNERS LLC**
**TO SHORTEN TIME WITH RESPECT TO MOTION OF ALBANY AVENUE**
**PARTNERS PURSUANT TO SECTION 362(d)**
**OF THE BANKRUPTCY CODE TO**
**ANNUL, OR ALTERNATIVELY TO LIFT, THE AUTOMATIC**
**STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

Albany Avenue Partners LLC ("Albany Partners"), by and through its counsel, hereby moves this court (the "Motion to Shorten Time"), pursuant to Rules 2002, 4001 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting a hearing on stay relief (the "Stay Relief Motion").

For the reasons addressed herein and in the motion to annul the automatic stay filed by Albany Partners contemporaneously herewith, Albany Partners requests that the Court schedule a hearing for August 22, 2019, so as to coincide with the Abraham Kappel's request to

{A230786;2}

be heard on his motion to withdraw as counsel and finding the signing of his name a forgery [Docket No. 11] and coincide with the initial case conference scheduled in this case for that same date at 11:00 AM, to consider the relief requested in the Stay Relief Motion on shortened notice.

In support hereof, Albany Partners relies upon the Declaration of Alan Waintraub, Esq. in Support of the Motion for Stay Relief, dated August 16, 2019, and exhibits thereto filed contemporaneously herewith, which sets forth the additional basis for shortened notice relief.

## RELIEF REQUESTED

1. By this motion, Albany Partners requests that the Court, pursuant to Bankruptcy Rules 2002, 4001, and 9006(c), shorten the notice period required for relief on the Stay Relief Motion and for an order granting relief from the automatic stay in connection with the Property and the state court Foreclosure Action.[1]

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for this Motion to Shorten Time are Bankruptcy Rules 2002, 4001 and 9006.

## BASIS FOR RELIEF REQUESTED

4. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period required under Bankruptcy Rules. Albany Partners submits that ample cause exists to shorten the notice period provided for under the Bankruptcy Rules with respect to the Stay Relief Motion on the basis that this case was commenced with the perpetration of a forgery and such act should be sanctioned, should nullify this bankruptcy filing, and should per se preclude any form of benefit from the automatic stay that the filing precipitated.

---

[1] Terms used herein but not defined herein shall have the meaning ascribed to them in the Stay Relief Motion.

5.  The relevant facts justifying shortened notice are set forth in the Kappel motion to withdraw and in the Waintraub Declaration. They are as follows: Waintraub's office attended the foreclosure auction of the Property on August 1, 2019. The sale occurred at 2:30 PM. As of the moment the sale began, and through the conclusion of the sale, Waintraub's office, the state court appointed referee or the state court was never made aware that the Debtor had commenced a chapter 11 case literally minutes before the sale took place. Indeed, the petition was not electronically filed until 2:44 PM and was hand-stamped as received at 2:10 PM. No one contacted Waintraub or his office by any means to advise of the bankruptcy filing. His office did not see anyone representing the Debtor and, upon information and belief, nobody was representing the Debtor at the foreclosure sale. When the court clerk solicited the audience as to anyone who had notice of a bankruptcy filing or order to show cause with a stay or anything that might have stopped this foreclosure sale, no one spoke or came forward. When the sale completed, the winning bidder signed terms and conditions of sale on behalf of the successful bidder. Still, to that point, no one came forward with any information regarding a bankruptcy filing. Waintraub was in contact with his office representative at the foreclosure sale, the state court appointed referee and Albany Partners from the commencement of the foreclosure sale to its conclusion and no notice was ever provided to any party prior to the foreclosure sale or even after the foreclosure sale was concluded.

6.  After the sale Waintraub had an opportunity to review the chapter 11 petition and noticed that it purported to be signed by Abraham Kappel, Esq, which seemed suspect to him. He contacted Mr. Kappel and, indeed, Kappel confirmed that his signature on the petition was a forgery. As noted, Mr. Kappel has moved by order to show cause before this Court for an order finding he is not and never was counsel of record for the Debtor. [Docket No. 11]. His motion

clearly states that his signature on the petition is a forgery and that he never discussed the bankruptcy filing with the Debtor. Forgery is a crime under New York State and federal law. The chapter 11 petition that was filed in this case was filed as part of the crime of bankruptcy fraud and forgery and, therefore, was a per se bad faith filing. Accordingly, the filing should not be given any effect and even if it was given effect stay annulment is warranted under the facts. By this Motion, Albany Partners seeks a hearing on stay relief on shortened notice.

## **NOTICE**

7. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten Time need be given. The Debtor, Mr. Kappel, and the Office of the United States Trustee have been served with a copy of this Motion to Shorten Time.

8. No previous request for the relief sought herein has been made by Albany Partners to this or any other Court.

**WHEREFORE**, Albany Partners respectfully requests that the Court (i) approve the request for the shortened notice period requested herein, and (ii) grant Albany Partners such other and further relief as the Court deems just and proper.

Dated: August 16, 2019
      New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert
    Gary O. Ravert
    116 West 23 Street, Fifth Floor
    New York, New York 10011
    Tel: (646) 961-4770
    Direct Fax: (917) 677-5419
    Email: gravert@ravertpllc.com

*Attorneys for Albany Avenue Partners LLC*