UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
————————————————————-X
In re,

                                                        Chapter 11

Tompkins Willoughby LLC,

                                                        Case No:  1-19-44729-nhl

                Debtor & Debtor-in-Possession.
————————————————————-X

**TOMPKINS WILLOUGHBY LLC'S OPPOSITION TO ALBANY AVENUE PARTNER LLC'S MOTION TO ANNUL THE AUTOMATIC STAY OR FOR RELIEF FROM THE AUTOMATIC STAY**

**TO:**    **THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

Tompkins Willoughby LLC, the Debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, files this objection (the "Objection") to the Motion of Albany Avenue Partner LLC ("Albany Partner") seeking annulment or relief from the automatic stay with regard the property that is located at 156 Tompkins Avenue, Brooklyn, NY 11206 (the "Motion"), the Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Respectfully, and as more fully discussed herein, Albany Partner has failed to meet its burden to demonstrate the existence of "cause", or any other meritorious factual or legal basis, such as to warrant any modification of the automatic stay at this early stage in this bankruptcy case.

2. Specifically, the primary and practically only basis asserted by Albany Partners in support of its request for relief is: (a) lack of knowledge of the bankruptcy filing, which is ironic, since the Debtor had lack of knowledge of the foreclosure sale until August 1, 2019; and (2) that

the bankruptcy petition was filed in bad faith. Albany Partners is quick to blame the Debtor for the very serious allegation of forgery. This is the Debtor's first bankruptcy filing and the Debtor had no knowledge or notice that the foreclosure sale was taking place, until August 1, 2019, the same day the emergency bankruptcy petition was filed, and the Debtor did not forge anyones name.

3. Under the facts and circumstances presented, Albany Partner's Motion should be denied in its entirety, the automatic stay should remain intact pending the outcome of the Debtor's efforts in this chapter 11 case, and the Debtor should be given a fair chance to reorganize.

4. As more fully discussed herein, the Debtor filed its chapter 11 petition for the legitimate purpose of staying the foreclosure of its property. The Debtor's case is not unlike many cases commenced in this Court involving efforts by debtors to remain in their premises and preserve their businesses while pursuing their legitimate rights and options while under the protections of the Bankruptcy Code. The Debtor's chapter 11 case was only recently commenced - three and a half weeks ago, and Albany Partners filed its motion two weeks after the filing. The Debtor should be afforded a reasonable opportunity to pursue its rights and address its affairs in this Court.

## BACKGROUND

5. On August 1, 2019 (the "Petition Date"), the Debtor filed a bankruptcy petition prior to the foreclosure sale of the Property. The Debtor sought protection under chapter 11 of the Bankruptcy Code to stop the foreclosure sale and so as to provide time for the Debtor to make payments on its property.

6. On August 16, 2019, Albany Partners filed its Motion, two weeks after the Debtor filed its petition. so as to obtain possession of the Premises and not allowing the Debtor a chance to reorganize.

7. In support of its Motion, Albany Partners asserts, among other things, that the Debtor filed the bankruptcy in bad faith and that they were not notified of the bankruptcy filing prior to the sale.

8. The Debtor intends to pay Albany Partners the total amount it is due and owing, however there are questions and concerns as to the exact amount owed to Albany Partners.

## ARGUMENT

### I. Albany Partners Has Failed to Meet its Burden to Establish "Cause" for Relief from the Automatic Stay

9. Pursuant to § 362(d)(1) of the Bankruptcy Code, a party is entitled to relief from the automatic stay for "cause, including the lack of adequate protection of an interest in property of such party in interest…" The Bankruptcy Code does not define the term "cause", however the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)(*quoting* H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44 *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof under §362(d)(1) is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo, 167 F. 3d 139, 142 (2d Cir. 1999).

10.  It is respectfully submitted that Albany Partners has not demonstrated that "cause" exists for relief from the automatic stay with regard to the Premises.  The primary basis for the alleged existence of "cause" asserted by Albany Partners is that the Debtor did not inform them of the bankruptcy filing and that the case was filed in bad faith.  That is not sufficient cause to establish 'bad faith' and annulment or relief from the automatic stay.

11.  It is respectfully submitted that this Court should deny the relief requested by Albany Partners and, instead, permit the Debtor to pursue its efforts to reorganize.

12.  As of the date hereof, the Debtor's case is only three and a half weeks old and the Debtor should be permitted a reasonable opportunity to pursue its rights and to pursue confirmation of a chapter 11 plan.

**B. Additional Cause Does Not Exist to Lift theAutomatic Stay**

13. In determining whether causes exists to lift the automatic stay pursuant to §362(d)(1) of the Bankruptcy Code a court may consider factors set out in <u>In re Sonnax Industries</u>, 907 F.2d 1280 (2d Cir. 1990). The <u>Sonnax</u> factors are:

> (1) whether relief would result in a partial or complete resolution of the issues;
> 
> (2) lack of any connection with or interference with the bankruptcy case;
> 
> (3) whether the other proceeding involves the debtor as a fiduciary;
> 
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> 
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> 
> (6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) the impact of the stay on the parties and the balance of harms.

907 F.2d at 1286.

14. Though not all of the Sonnax factors "will be relevant in every case" In re Mazzeo, 167 F.3d 139, 143 (2d Cir. 1999), over half of the factors weigh against granting Movant relief from the automatic stay to continue the foreclosure process.

15. With regard to factor (2), it is undeniable that the foreclosure proceeding is connected to, and would interfere with, the bankruptcy case. Granting the Motion would subject the Property to foreclosure, which would eliminate any chance of recovery to any of the Debtor's creditors other than Movant.

16. With regard to factor (3), the foreclosure proceeding does not involve the Debtor as a fiduciary.

17. With regard to factor (4), a specialized tribunal has not been established specifically to hear the foreclosure proceeding.

18. With regard to factor (5), the Debtor's insurer has not assumed full responsibility for defending it in the foreclosure proceeding.

19. With regard to factor (6) the foreclosure proceeding primarily involves the Debtor and Movant.

20. With regard to factor (7), litigation in the foreclosure proceeding would severely prejudice the interests of the Debtor's unsecured creditors, if any. Indeed, as discussed before, should the foreclosure be allowed to continue, the Debtor's unsecured creditors (if any) and interest holders would not receive any distribution.

21. Finally, with regard to factor (12), as is further discussed below, Movant enjoys a an ever increasing equity cushion in the Property due to, inter alia, rapidly improving market conditions and thus its claim against the Debtor is adequately protected. Accordingly, as the interest on its claim is accruing and there is no fear that the equity in the Property will be wiped out soon, Movant is being minimally harmed by the current bankruptcy proceeding.

22. Accordingly, the relevant Sonnax factors strongly weigh in the Debtor's favor. Thus, the automatic stay should not be modified pursuant to §362(d)(1) of the Bankruptcy Code.

**C. Movant is Adequately Protected**

23. A secured creditor is entitled to relief from the automatic stay if, inter alia, there is a "lack of adequate protection" of its collateral. 11 U.S.C. §362(d)(1).

24. Pursuant to §361 of the Bankruptcy Code, adequate protection can be provided to a creditor by: (1) periodic cash payments, (2) tender of additional or replacement liens on the Debtor's property, OR (3) a "catch all" provision, permitting such other means of relief which

will result in the secured creditor obtaining the "indubitable equivalent" of its interest in property.

25. An equity cushion is the unencumbered value of secured collateral. In re Zeoli, 249 B.R. 61, 64 (Bankr.S.D.N.Y. 2000). A substantial equity cushion in collateral may provide a secured creditor with adequate protection of its interest. Id. citing In re Elmira Litho Inc., 174 B.R. 892, 904 (Bankr.S.D.N.Y. 1994)(ruling that "[a]n equity cushion. . . . provides adequate protection if it is sufficiently large to ensure that the secured creditor will be able to recover its entire debt from the security at the completion of the case.").

26. The Debtor believes that the secured claim is adequately protected and Movant should not be entitled to relief from the automatic stay at this nascent stage of the Chapter 11 case.

**The Motion is Premature and the Court Should Exercise its Discretion to Continue the Stay**

27. The Court has the discretion to maintain the stay in order to facilitate the fundamental goals of bankruptcy proceedings. The Supreme Court has observed that chapter 11 embraces the "two recognized policies [of] preserving going concerns and maximizing property available to satisfy creditors." Bank of America Nat'l Trust & Sav. Ass'n v. 203 North LaSalle Street P'Ship, 526 U.S. 434, 453 (1999). Indeed, Congress describes the purpose of a Chapter 11 case "unlike a liquidation case, is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors and produce a return for its stockholders." H. Re. No. 595, 95th Cong. 1st Sess. 220 (1977). See also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 527 (stating that "the policy of Chapter 11 is to permit successful rehabilitation of debtors."). "Thus, as a general rule, if continuing a particular chapter 11 case would promote the twin goals of pre-

serving viable businesses and maximizing the creditors' return, then the case is probably not a candidate for conversion or dismissal under 1112(b)." Lawrence P. King, 7 Collier on Bankruptcy, ¶ 1112.04[4][a] (15th ed. Rev. 1996). Additionally, in using its discretion under § 1112(b) the Court should consider that bankruptcy was designed as a forum for negotiated resolutions of the debtor's affairs. Id. at [b]. Similarly, before considering dismissal under § 1112(b) a debtor should be afforded adequate time to at least propose a plan or reorganization. Id. at [c].

28. In 1988, the United States Supreme Court held that in conducting a section 362 analysis the Debtor is required to show that there is a "reasonable possibility of a successful reorganization within a reasonable time." United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd 484 U.S. 365, 376 (1988). The Court went on to hold that "bankruptcy courts demand less detailed showings during the four months in which the debtor is given the exclusive right to put together a plan" Id.

29. In the current proceeding, Movant filed the Motion two and a half weeks after the Petition Date and requested shortened notice on the hearing. The Debtor is confident that given a reasonable opportunity it will be able to confirm the Plan and reorganize its affairs for the benefit of all of its creditors. Accordingly the Court should use its discretion in maintaining the stay, denying the Movants Motion so that the vaunted goals of bankruptcy can be pursued.

### III. The Debtor Will Suffer Significant Harm if the Motion is Granted

30. The Supreme Court has observed that chapter 11 embraces the "two recognized policies [of] preserving going concerns and maximizing property available to satisfy creditors." Bank of America Nat'l Trust & Sav.Ass'n v. 203 North LaSalle Street P'Ship, 526 U.S. 434, 453

(1999). Indeed, Congress describes the purpose of a Chapter 11 case "unlike a liquidation case, is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors and produce a return for its stockholders." H. Re. No. 595, 95th Cong. 1st Sess. 220 (1977). *See also* NLRB v. Bildisco & Bildisco, 465 U.S. 513, 527 (stating that "the policy of Chapter 11 is to permit successful rehabilitation of debtors.").

## **CONCLUSION**

31. The Debtor submits that the denial of the Motion at this time, under all of the circumstances herein, is appropriate.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests that the Court deny the Movant's motion to annul and/or to modify the automatic stay in its entirety and grant such other relief as the Court deems just, proper and equitable under the circumstances.

Dated: August 28, 2019

    Brooklyn, New York

                      By:
                      THE LAW OFFICE OF RACHEL BLUMENFELD PLLC
                      _____*/s/ Rachel Blumenfeld*_____
                      Rachel S. Blumenfeld (RB-1458)
                      Attorney for Debtor & Debtor in Possession
                      TOMPKINS WILLOUGHBY LLC
                      26 Court Street, Suite 2220
                      Brooklyn, New York 11242
                      (718) 858-9600