Law Office of Rachel Blumenfeld PLLC
Rachel S. Blumenfeld, Esq. (1458)
26 Court Street, Suite 2220
Brooklyn, New York  11242
Tel: (718) 858-9600
Fax: (718) 858-9601

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In Re:

TOMPKINS WILLOUGHBY LLC,                    Chapter 11

                                             Case No:     19-44729-nhl

                               Debtor.

------------------------------------------------------------X

## DECLARATION OF TOMPKINS WILLOUGHBY LLC
## PURSUANT TO LOCAL RULE 1007-2

Leizer Klar, being duly sworn, deposes and says:

1. I am the President of the Debtor Tompkins Willoughby LLC (the "Debtor") in the above-captioned case.

2. I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York.

### BACKGROUND

3. The Debtor is a single asset real estate located at 156 Tompkins Avenue, Brooklyn, New York 11206. The property is currently vacant. The Debtor borrowed money from TBJ Funding LLC which was assigned to Albany Avenue Partners on November 30, 2017 as a construction loan, however the Debtor did not receive most of the money, nor did the Debtor receive statements since about a year after the loan was received.

4.  The Debtor did not find out until August 1, 2019, the day of the foreclosure sale, that its property was being foreclosed by Albany Avenue Partners.  The Debtor has filed this chapter 11 proceeding in order to obtain some breathing room from its creditors and an opportunity to reorganize its affairs. The Debtor is optimistic that by virtue of the filing of this Chapter 11 proceeding, it will have the best chance to repay its debts in a manner that allows it to maximize the value of its assets for the benefit of all creditors.

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-4

5.  In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(4)**

6.  The debtor is a small business debtor within the meaning of Bankruptcy Code § 101(51D);

**Local Rule 1007-2(a)(4)**

7. The Debtor is a single asset real estate and the case was commenced because the Debtor found out a few hours prior to a foreclosure sale that their property was being sold at a public auction.

**Local Rule 1007-2(a)(4)**

8. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-2(a)(4)**

9. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-4-(a)(5)**

11. A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule A.**

**Local Rule 1007-4(a)(6)**

12. A list of the name of the Debtor's respective largest secure claim is annexed hereto as **Schedule B.**

**Local Rule 1007-4(a)(7)**

13. A summary of the debtor's assets and liabilities is annexed hereto as **Schedule C.**

**Local Rule 1007-4(a)(8)**

14. There are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(9)**

15. The Debtor's property was sold at a public auction after the filing of the Debtor's bankruptcy case and in violation of the automatic stay.

**Local Rule 1007-4(a)(10)**

16. The Debtor not operate its business from a leased premises.

**Local Rule 1007-4(a)(11)**

17. The Debtor's assets are located at156 Tompkins Avenue, Brooklyn, New York 11206.

**Local Rule 1007-4(a)(12)**

18. The following actions are pending against the Debtor:

The Debtor does not have and never received the Summons & Compliant and therefore does not know the name of the action, however Debtor is now aware that there was a foreclosure action pending against the property.

**Local Rule 1007-4(a)(13)**

19. Not applicable.

**Local Rule 1007-4(b)(1) and (2))**

20. Not applicable.

**Local Rule 1007-4(b)(3)**

22. There is no schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 22, 2019

_____/s/ Leizer Klar_____
Leizer Klar